# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **FREDERICK BARROW** | **CIVIL ACTION NO. 07-0129** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the Court is a petition for *habeas corpus* filed by *pro se* petitioner, Frederick Barrow, pursuant to 28 U.S.C. § 2254.  The petition was filed in this court on January 18, 2007.[1]  Petitioner is currently confined at the Louisiana State Penitentiary in Angola, Louisiana.  He challenges his May 11, 1998 conviction on two counts of attempted first degree murder for which he is serving two concurrent thirty year terms.[2]  Petitioner pled guilty to these offenses in the 16th Judicial District Court for St. Mary Parish.

## LAW AND ANALYSIS

Petitioner denies that he attacked these same convictions in a previous federal petition for writ of *habeas corpus*.  However, this court's records demonstrate that petitioner has filed a previous federal petition for writ of *habeas corpus* in which he

---

[1]The original petition was deficient.  However, Barrow subsequently corrected the deficiency. [see rec. docs. 1 and 3].

[2]Petitioner additionally was sentenced to serve five years from a previous conviction, that sentence to run consecutive to his concurrent thirty year sentences.

attacked these same convictions on January 20, 2004. [Court Exhibit 1, Docket Sheet *Frederick D. Barrow  v. Warden Louisiana State Penitentiary*, Civil Action Number 6:04-cv-198].  In the prior petition, Barrow asserted that his guilty plea was not intelligently, knowingly and voluntarily entered, and that he was denied effective assistance of counsel. That petition for federal *habeas corpus* relief was denied and dismissed with prejudice by Judge Doherty on May 20, 2004 because petitioner's claims were barred by the one-year limitation period codified at 28 U.S.C. §2244(d) .[Court Exhibit 2, Judgment and Report and Recommendation]. Petitioner's request for a certificate of appealability was denied by the United States Fifth Circuit Court of Appeal on November 10, 2004. [Court Exhibit 3, *Frederick d. Barrow v. Burl Cain*, No. 04-30644 (5th Cir. 11/10/04)].

In this petition, Barrow claims that he was constructively denied effective assistance of counsel, that  his guilty plea was invalid because of "faulty" Bokinization rendering his guilty plea not intelligently, knowingly and voluntarily entered.

The instant petition is a clearly a second and successive petition under 28 U.S.C. §2244. AEDPA does not define what constitutes a "second or successive" petition. However, decisions of the United States Fifth Circuit Court of Appeals provide guidance in determining when a §2255 petition should be considered second or successive for purposes of  §2244(b)(3).   A prisoner's petition is not second or successive simply because it follows an earlier federal petition.  *In Re Cain,* 137 F.3d 234, 235 (5th Cir. 1998).

Rather, a later petition is successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.*  Thus, the provision has been described as "modified *res judicata* rule" which bars claims which were ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 868-871 (5th Cir. 2000).  Such claims are deemed second or successive. *Id.*  The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised."  *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).  Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner  received an adjudication on the merits of his claims.

Clearly, under either standard, the instant petition is second and successive.  The claims raised herein either were or could have been raised in the earlier petition.  Moreover, petitioner's  prior petition was adjudicated on the merits and denied and dismissed with prejudice by this court. Although a dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the

AEDPA.  *See Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir. 2003); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Guyton v. United States,* 23 Fed. Appx. 539, 540 (7th Cir. 2001) (dismissal of a *habeas* petition "because the district court determined, albeit erroneously, that it was not filed within the applicable statute of limitations...operates to dispose of the case on the merits as much as an erroneous finding that a petitioner had failed to state an element of a claim."); *Gray v. Dretke*, 2005 WL 1768750, *2 (S.D.Tex. 2005); *Cate v. Ayers,* 2001 WL 1729214, at *3-4 (E.D.Cal.2001) (stating that "[t]he law is clear that a dismissal on statute of limitations grounds ... operates as a final judgment on the merits," thus, holding that a  petition for federal habeas corpus relief was successive within the meaning of section 2244(b) because the petitioner previously had filed a federal petition that was dismissed as untimely); *United States v. Casas,* 2001 WL 1002511, at *2 (N.D.Ill.2001) (holding that the dismissal of a prior federal petition under the statute of limitation is "akin to a dismissal on the merits, and thus bars a subsequent petition" unless authorized by the court of appeals); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C.D.Cal. 2003) (holding that a previous dismissal based on the statute of limitations "is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under AEDPA."); *United States v. Harris*, 2002 WL 31859440, *3 (E.D.Pa. 2002) ("the term 'second or successive petition'...whose post-AEDPA meaning by necessity includes habeas petitions by defendants whose initial petitions were dismissed on statute of limitations grounds."). *See also  Plaut v. Spendthrift Farm,* 514 U.S. 211, 228, 115 S.Ct. 1447, 1457, 131

L.Ed.2d 328 (1995) citing *United States v. Oppenheimer,* 242 U.S. 85, 87-88, 37 S.Ct. 68, 61 L.Ed. 161 (1916) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.");  *Mathis v. Laird,* 457 F.2d 926, 927 (5th Cir.), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972) ("A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes."); *In re Marino,* 181 F.3d 1142, 1144 (9th Cir.1999) (same).  Hence, the instant petition is unquestionably second and successive.

Before this petition may be considered by this court, petitioner is required to obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. §2244(b)(3)(A) which provides in part, "[b]efore a second or successive application permitted by this section [§2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  The record does not show that petitioner has received such authorization. Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

This court is not required to transfer this second and successive *habeas* petition to the Fifth Circuit for a determination whether petitioner should be allowed to proceed.

Although some district courts have taken this route, it is not mandatory. In *In Re Epps,* 127 F.3d 364 (5th Cir. 1997) the Fifth Circuit addressed the appropriate procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the circuit court is appropriate.  The *Epps* opinion does not contain a directive to the district courts to transfer successive *habeas corpus* petitions to it, although utilization of this procedure may be appropriate in some cases.  Rather, the opinion merely adopts a procedure to be used when a successive petition filed without prior authorization is transferred to that court.  *Id.*

In the instant case, petitioner fails to show that he has made any attempt to obtain authorization for the instant petition.  To the contrary, rather than follow the procedural prerequisites to filing in this court, petitioner instead denied having previously filed for relief in this court in an obvious attempt to circumvent those procedures.  Moreover, in light of petitioner's previous filings in this court, petitioner is obviously well versed in the law and should be both aware and able to request the appropriate authorization from the Fifth Circuit. Accordingly, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

The law is clear that this court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. §2244(b)(3)(A). The record fails to show that petitioner has requested such authorization from the Fifth Circuit.  Therefore, the undersigned finds that this petition should be dismissed.

6

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** because the instant petition constitutes a second and successive *habeas* petition within the meaning of 28 U.S.C. §2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, March 12, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

CLOSED, PRISON

# U.S. District Court
## Western District of Louisiana (Lafayette)
### CIVIL DOCKET FOR CASE #: 6:04-cv-00198-RFD-CMH

Barrow v. LA State Pen                          Date Filed: 01/20/2004
Assigned to: Honorable Rebecca F Doherty        Jury Demand: None
Referred to: Honorable C Michael Hill           Nature of Suit: 530 Habeas Corpus
Demand: $0                                      (General)
Case in other court: 16TH JDC (ST MARY), 98-148742   Jurisdiction: Federal Question
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

**Plaintiff**

**Frederick D Barrow**          represented by   **Frederick D Barrow**
                                                 358142
                                                 LA State Penitentiary
                                                 Angola, LA 70712
                                                 PRO SE

V.

**Defendant**

**Warden Louisiana State Penitentiary**
*also known as*
Burl Cain

| Date Filed | # | Docket Text |
|---|---|---|
| 01/20/2004 | | Amount of fee $0/IFP. (Gilmer, P) (Entered: 01/21/2004) |
| 01/20/2004 | 1 | PETITION for writ of habeas corpus (McDaniel, C) (Entered: 01/23/2004) |
| 01/23/2004 | | **Set prison flag. Case held in Shreveport due to deficiency. (McDaniel, C) (Entered: 01/23/2004) |
| 01/23/2004 | 2 | MEMORANDUM ORDER that plaintiff submit within 30 days the $5 filing fee or a completed IFP application (signed by Magistrate Judge Robert H Shemwell) NOE by: cm (McDaniel, C) (Entered: 01/23/2004) |
| 02/02/2004 | 3 | MOTION by Frederick D Barrow to proceed in forma pauperis with Proposed Order referred to Magistrate Judge Robert H Shemwell. (Prest, B) (Entered: 02/05/2004) |
| 02/06/2004 | 4 | MEMORANDUM ORDER granting [3-1] motion to proceed in forma pauperis (signed by Magistrate Judge Robert H Shemwell) NOE by: cm (McDaniel, C) (Entered: 02/06/2004) |

| 02/10/2004 | | **RECORD LOCATION flag set to Lafayette; ( 1 volumes, 0 exhibit folders) (Davis, C) (Entered: 02/10/2004) |
| 04/21/2004 | 5 | REPORT AND RECOMMENDATIONS by Magistrate Judge C M Hill that habeas should be DENIED AND DISMISSED WITH PREJUDICE because petitioners claims are barred by 1 year limitation period. Objections to R and R due by 5/12/04 NOE by cm (McDaniel, C) (Entered: 04/22/2004) |
| 05/06/2004 | 7 | ADDITIONAL OBJECTIONS by Frederick D Barrow to [5-1] report and recommendations (Davis, C) Modified on 05/10/2004 (Entered: 05/10/2004) |
| 05/07/2004 | 6 | OBJECTION by Frederick D Barrow to [5-1] report and recommendations. (Prest, B) (Entered: 05/10/2004) |
| 05/12/2004 | 8 | LETTER by Frederick D Barrow to Mag Judge Hill regarding [6-1] objection, [7-1] objection (McDaniel, C) (Entered: 05/12/2004) |
| 05/17/2004 | 9 | LETTER by Frederick D Barrow to the Court regarding [6-1] objection and [7-1] objection, elaborating on his objections (Davis, C) (Entered: 05/18/2004) |
| 05/20/2004 | 10 | JUDGMENT; habeas is DENIED AND DISMISSED WITH PREJUDICE because petitioners claims are barred by the 1 year limitation period (signed by Judge Rebecca F Doherty) (McDaniel, C) (Entered: 05/21/2004) |
| 05/20/2004 | | Case closed (McDaniel, C) (Entered: 05/21/2004) |
| 06/14/2004 | 12 | NOTICE OF APPEAL by Frederick D Barrow as to 10 Judgment entered by Judge Rebecca F Doherty. Fee Status: IFP STATUS. (Joffrion, B) (Entered: 06/28/2004) |
| 06/14/2004 | 13 | MOTION by Frederick D Barrow for Certificate of Appealability. (Attachments: # 1 Text of proposed order Certificate of Appealability)(Joffrion, B) (Entered: 06/28/2004) |
| 06/15/2004 | 11 | LETTER from Frederick Barrow to Judge Doherty (McDaniel, C) (Entered: 06/18/2004) |
| 06/28/2004 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 12 Notice of Appeal (Joffrion, B) (Entered: 06/28/2004) |
| 07/01/2004 | 14 | ORDER denying 13 Motion for Certificate of Appealability re 12 Notice of Appeal, Signed by Judge Rebecca F Doherty on 6/29/04. (Joffrion, B) (Entered: 07/01/2004) |
| 07/19/2004 | | USCA Case Number 04-30644 for 12 Notice of Appeal filed by Frederick D Barrow. (Reeves, T) (Entered: 07/20/2004) |
| 07/23/2004 | | CERTIFIED AND TRANSMITTED certified copy of Record on Appeal to US Court of Appeals re 12 Notice of Appeal (1 Volumes of Records; 0 Containers of Exhibits; 0 Volumes of Transcripts ) (Joffrion, B) (Entered: 07/23/2004) |

| 11/15/2004 | ○15 | USCA JUDGMENT (certified copy) as to 12 Notice of Appeal filed by Frederick D Barrow, COA is denied. (Joffrion, B) (Entered: 11/15/2004) |



RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 4 / 21 / 2004

**FILED**
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 5 / 20 / 2004
BY _____

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **FREDERICK D. BARROW** | **DOCKET NO. CV-04-198** |
| **VS.** | **SECTION "P"** |
| **BURL CAIN, WARDEN** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HILL** |

## J U D G M E N T

For the reasons stated in the Findings and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record including the objections filed by petitioner, and having determined that the findings and recommendation are correct under the applicable law;

**IT IS ORDERED** that this petition for writ of *habeas corpus* is **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) .

**THUS DONE AND SIGNED**, in chambers, in Lafayette, Louisiana, on this _19_ day of ___May___, 2004.

JUDGMENT ENTERED
5-21-04
BY CMcDaniel
COPY Barrow

**REBECCA F. DOHERTY**
**UNITED STATES DISTRICT JUDGE**





PENGAD-Bayonne, N. J



**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

**FILED**
USDC, WESTERN DISTRICT OF L
ROBERT H. SHEMWELL, CLERK
DATE ___4__,_21_,_2004___
BY _____

| | |
|---|---|
| **FREDERICK D. BARROW** | **DOCKET NO. CV-04-198** |
| **VS.** | **SECTION "P"** |
| **BURL CAIN, WARDEN** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

Before the Court is a petition for *habeas corpus* filed by *pro se* petitioner, Frederick D. Barrow, pursuant to 28 U.S.C. § 2254. The petition bears a January 15, 2004 postmark from Angola, Louisiana and was filed in this court on January 20, 2004. Petitioner is currently confined at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his May 11, 1998 conviction on two counts of attempted first degree murder for which he is serving two concurrent thirty year terms.[1] Petitioner pled guilty to these offenses in the 16th Judicial District Court for St. Mary Parish.

Barrow asserts the following grounds for relief herein: (1) that his guilty plea was not intelligently, knowingly and voluntarily entered; and (2) that he was denied effective assistance of counsel.

---

[1]This information was provided by petitioner. However, the offices of the undersigned contacted the Clerk of the 16th JDC to obtain information regarding petitioner's sentence.



2

## FACTUAL AND PROCEDURAL HISTORY

On May 11, 1998 petitioner pled guilty to  two counts of attempted first degree murder.  He was sentenced on January 13, 1999 to two concurrent thirty year terms of imprisonment. Petitioner did not directly appeal his convictions.

On December 29, 2000, petitioner filed his first and only application for post-conviction relief in the 16th Judicial District Court, for St. Mary Parish. That application was denied by the trial court on January 25, 2001.  On January 28, 2002, the Louisiana First Circuit Court of Appeals denied writs.  Petitioner's request for review in the Louisiana Supreme Court was denied on February 14, 2003.  *State ex rel Barrow v. State*, 2002-1064 (La. 2/14/2003), 836 So.2d 131.

The instant petition was mailed on January 15, 2004 and filed in this court on January 20, 2004.

Upon review of the entire record and for the following reasons, it is recommended that  petitioner's *habeas corpus* petition be **DENIED AND DISMISSED WITH PREJUDICE** because his claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

## LAW AND ANALYSIS

The instant petition was mailed on January 15, 2004 and filed on January 20, 2004. Accordingly, AEDPA and it's corresponding timeliness provision are applicable herein. *Emerson v. Johnson,* 243 F.3d 931, 932 (5th Cir. 2001); *Villegas v. Johnson,* 184 F.3d

3

467, 468  (5th Cir. 1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 321, 117 S.Ct. 2059 (1997).   This Court may raise the one-year time bar *sua sponte. Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Title 28 U.S.C. §2244(d)(1)was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court.   This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

§2244(d)(2) provides that "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection".   Thus, the time during which a petitioner pursues an application for post-conviction relief or other collateral review is not counted in calculating the one year limitation period so long as the application was "properly filed" and "pending".   See *Williams v. Cain*, 217 F.3d 303 (5th Cir. 2000); *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Coleman,* 184 F.3d at 401; *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).

---

[2]Petitioner's application does not support any argument that  §2244(d)(1)(B), (C) or (D) apply as there has been no state created impediment to filing this application, petitioner's claims do not rest upon a newly recognized constitutional right, nor on facts which could not have been discovered through the exercise of due diligence. Thus, subsections (B), (C), and (D) are not applicable, and the limitations period thus runs from the date on which the judgment became final.

4

However, any lapse of time before the filing of an application for post-conviction relief in state court is counted toward the one-year limitation period. *Villegas*, 184 F.3d at 472 citing *Flanagan*, 154 F.3d at 199, n.1; *Melançon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001); See also *Salinas v. Cockrell*, 354 F.3d 425 (5th Cir. 2004). A petitioner cannot "revive an expired limitation period by simply filing a state [court] petition...." *Villegas*, 184 F.3d at 472 citing *Flanagan*, 154 F.3d at 199, n.1; *Bogan v. Moore*, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999); *Sorce v. Artuz*, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999); *Banford v. Cain*, 2000 WL 1808491, *2 (E.D.La. 2000); *Williams v. Cain*, 2000 WL 863132, *2 (E.D.La. 2000); *Magee v. Cain*, 2000 WL 1023423, *4 (E.D.La. 2000).

Petitioner did not directly appeal his convictions. Thus, his convictions became final after the delay for seeking direct review in the Louisiana First Circuit Court of Appeals expired, that is, at the latest, on February 13, 1999, thirty days after petitioner entered his guilty plea. See La.C Cr.P. art. 914 [3] ; *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). Accordingly, petitioner had until February 13, 2000 to file for relief in this court, that is, 365 days from the date his convictions became final. See §2244(d)(1)(A).

Petitioner's first and only application for state post-conviction relief was not filed in the state court until December 29, 2000, over ten months after the expiration of the

---

[3] At the time of petitioner's conviction, La. C.Cr.P. art. 914(B)(1) provided only a five day period to move for an appeal. However, article 914 was amended by Act No. 949 § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. Accordingly, the undersigned has given petitioner the benefit of the longer period in the amended rule.

5

federal one-year limitation period for filing a petition for *habeas corpus* relief in federal court had expired. Moreover, petitioner cannot rely on statutory tolling because petitioner had no direct appeal or other post-conviction proceeding pending in the Louisiana state courts prior to that date. Once the limitation period imposed by 28 U.S.C. §2244(d)(1) expired, it could not be revived by the filing of this application for relief in state court. See *Villegas, Flanagan, Bogan, Sorce, Banford, Williams, Magee* and *Salinas, supra*. Petitioner's post-conviction proceedings did not restart the limitation period which had already properly commenced and expired. *Salinas, supra*.

The Louisiana Supreme Court ultimately denied relief on February 14, 2003. The instant petition was not filed, at the earliest, until January 15, 2004[4], one month short of one year from the denial. This eleven month period which lapsed between the Louisiana Supreme Court's denial on February 14, 2003 and the filing of the instant petition on January 15, 2004 is also counted in calculating the one-year limitation period, as during that time period petitioner had no properly filed or pending post-conviction application filed in the state courts. See *Villegas, Melançon, Ott,* and *Williams, supra.*; and *Phillips v. Donnelly*, 216 F.3d 508, 510 (5th Cir. 2000).

In light of the above, the petition currently before this court is statutorily barred by the one-year limitation period because even with the benefit of the statutory tolling and the federal "mailbox" rule, while no state application for post-conviction relief was

---

[4]The undersigned has given petitioner the benefit of the federal "mailbox" rule. See *Spotsville v. Cain*, 149 F.3d 374 (5th Cir. 1998).

6

pending, well over 365 days passed before the instant petition was filed in this court.

Moreover, petitioner is not entitled to equitable tolling. In order for equitable tolling to apply, the applicant must diligently pursue his §2254 relief. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some way extraordinary way from asserting his rights." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) citing *Coleman,* 184 F.3d at 402. In this case, Barrow did not even attempt to challenge his convictions in the Louisiana state courts until after the federal one-year limitation period had expired. Moreover, petitioner waited almost an additional year after the state court's denial before filing the instant petition. As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights." *Id*. citing *Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999). Petitioner should have investigated potential claims and the factual basis for those claims in a timely manner, and then pursued those claims diligently in both the state courts and this court.

Moreover, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Salinas*, 354 F.3d at 432 citing *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002). This is so even in cases where a petitioner is harmed by the actions or inactions of his counsel. *Id*. Additionally, the fact of Barrow's incarceration, indigency or ignorance of the law are of no moment and do not warrant equitable tolling. *Felder*, 204 F.3d at 171 citing *Fisher*, 174 F.3d at 714, *United States v.*

7

*Flores*, 981 F.2d 231, 236 (5th Cir. 1993) and *Barrow v. New Orleans S.S. Ass'n*, 932

F.2d 473, 478 (5th Cir. 1991); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999);

*Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Moreover, "garden variety" claims

of excusable neglect do not support equitable tolling. *Coleman*, 184 F.3d at 402.

Finally, lack of habeas counsel and inadequacies in the prison law library are insufficient

to warrant equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002);

*Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Because Barrow does not adequately

explain his delay for filing his federal petition, the undersigned finds that petitioner's

circumstance is not extraordinary enough to qualify for equitable tolling under

§2244(d)(2).

In accordance with the foregoing analysis, the undersigned finds that petitioner's

claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Accordingly;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED**

**AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the

one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties

aggrieved by this recommendation have ten (10) business days from service of this report

and recommendation to file specific, written objections with the Clerk of Court. A party

may respond to another party's objections within ten (10) days after being served with a

8

copy of any objections or response to the District Judge at the time of filing.

   **Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within ten**

**(10) days following the date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual**

**findings or the legal conclusions accepted by the District Court, except upon**

**grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79**

**F.3d 1415 (5th Cir.  1996).**

   **THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this _21_

day of _____April_____, 2004.


                                   _C. Michael Hill_
                                   **C. MICHAEL HILL**
                                   **UNITED STATES MAGISTRATE JUDGE**


COPY SENT
DATE _4-21-04_
BY _MA_
TO _CMH_
_GR_
_MS_
_RFD_

COPY SENT:
DATE: _4-22-04_
BY: _cm_
TO: _Barrow_

**Westlaw Attached Printing Summary Report for WEIMER,JANET 1410186**

| | |
|---|---|
| Date/Time of Request: | Friday, March 09, 2007 11:14:00 Central |
| Client Identifier: | JH |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 195 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U. S. COURT OF APPEALS
**FILED**

NOV 1 0 2004

CHARLES R. FULBRUGE III
**CLERK**

No. 04-30644
USDC No. 6:04-CV-198-RFD-CMH

FREDERICK D. BARROW,

                                  Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

                                  Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
--------------------

O R D E R:

      Frederick D. Barrow, Texas state prisoner # 358142, has
filed a motion for a certificate of appealability (COA), seeking
to appeal the district court's dismissal of his 28 U.S.C. § 2254
federal habeas corpus petition as barred by the one-year statute
of limitations of 28 U.S.C. § 2244(d).  He argues that habeas
relief should not be barred by the statute of limitations.

      To obtain a COA, an applicant must make "a substantial
showing of the denial of a constitutional right."  <u>See</u> 28 U.S.C.
§ 2253(c)(2).  When, as in this case, the district court has
dismissed a habeas petition on a procedural ground, a COA may not
issue unless the prisoner shows both (1) "that jurists of reason
would find it debatable whether the petition states a valid claim
of the denial of a constitutional right" and (2) that jurists of
reason would find it debatable whether the district court's



Case 6:04-cv-00198-RFD-CMH    Document 15    Filed 11/15/2004    Page 2 of 3
Case 6:07-cv-00129-TLM   Document 8   Filed 03/12/07   Page 22 of 23 PageID #: 77
No. 04-30644
- 2 -

procedural holding was correct.  <u>See</u> <u>Slack v. McDaniel</u>,
529 U.S. 473, 484 (2000).  An appeal may not proceed unless the
prisoner satisfies both requirements.  <u>Id.</u> at 485.  Because
Barrow has not shown that it is debatable whether the district
court's ruling that his habeas claim is time-barred is correct,
his application for a COA is DENIED.


                                    E. GRADY JOLLY
                          UNITED STATES CIRCUIT JUDGE

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**CHARLES R. FULBRUGE III**
**CLERK**

**TEL. 504-310-7700**
**600 CAMP STREET**
**NEW ORLEANS, LA 70130**

November 10, 2004

Mr Robert H Shemwell, Clerk
Western District of Louisiana, Lafayette
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101

          No. 04-30644 Barrow v. Cain
          USDC No.  6:04-CV-198-RFD-CMH

Enclosed is a certified copy of the judgment issued as the
mandate.

Record/original papers/exhibits are returned:

( 1 ) Volume    (  ) Envelopes    (  ) Boxes

                    Sincerely,

                    CHARLES R. FULBRUGE III, Clerk

                    By:    _____
                           Dianah Buttone, Deputy Clerk
                           504-310-7719

cc: w/encl:
     Mr Frederick D Barrow

MDT-1